## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In re:

Boulevard Entertainment Greenville, LLC,

              Debtor.

Case No. 15-05775-hb
Chapter 11

### UNITED STATES TRUSTEE'S OBJECTION TO
### MOTION TO WITHDRAW AS COUNSEL AND MEMORANDUM IN SUPPORT

The United States Trustee ("UST") hereby objects to the motion to withdraw as counsel ("Motion") and moves this Court for an order denying the same.  This objection is filed pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.  In support of this objection, the UST states that:

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding.

### Statement of Case

Boulevard Entertainment Greenville, LLC (the "debtor") filed for relief under chapter 11 of the Bankruptcy Code on October 29, 2015.  The debtor has remained in possession since filing.   The petition reflects that this is a small business debtor case.  However, the debtor has not appended the documents required to be attached to the petition as a small business debtor.

On November 12, 2015, debtor's attorney (the "Attorney") filed a disclosure of compensation that he had received a $5,000 general retainer from the father of one of the debtor's owners and that the source of the funds were credit cards.

On November 23, 2015, the Attorney filed an application to be employed as counsel for the debtor.  The application states that the Attorney received a $5,000 general retainer that was dissipated prior to the bankruptcy filing, part of which was used to pay the filing fee.  The

application provides that the Attorney will work on an hourly basis of $345.  The retainer

agreement was not attached to the motion to withdraw as counsel, but was subsequently provided

to the UST.

      The original bankruptcy schedules reflected that the debtor had no bank accounts and no

cash on hand (the "Original Schedules").  According to the 2016 disclosure, the general retainer

was paid by a third party using credit cards.  The amended schedules reflect 10 bank accounts

with balances of $537.92 (the "Amended Schedules").  The amended business income and

expenses reflect net monthly income of $1,693, which includes $2,000 in expenses per month to

pay professionals.

      On December 18, 2015, the meeting of creditors was held, but was continued because the

debtor's representative testified he did not know if the Original Schedules were correct as he had

not reviewed them.  A review of the Original Schedules disclosed that the debtor had no bank

accounts, no licenses, no inventory, no secured creditors except for an insider, and other

information that on its face appears inaccurate.  The meeting was also continued because none of

the equity holders were provided notice of the bankruptcy case.  Additionally, debtor's counsel

could not affirmatively state that all required corporate formalities had been met in authorizing

the filing of the bankruptcy petition.  The meeting of creditors was continued to January 15,

2016.

      At the meeting of creditors on January 15, 2016, the debtor's representative and one

equity holder were present, however, debtor's counsel did not appear and did not answer calls

made by the UST or the debtor's representative.  Therefore, the meeting of creditors was

continued again to February 12, 2016.

At the meeting of creditors on February 12, 2016, the debtor's representative and debtor's counsel attended (the "Third Meeting of Creditors"). The equity holder did not attend. On January 7, 2016, the debtor filed Amended Schedules. At the Third Meeting of Creditors, the debtor's representative testified that he had reviewed the Amended Schedules, and debtor's counsel stated he was comfortable stating that the debtor had the required authority to file the bankruptcy.

The Amended Schedules: (1) added 10 bank accounts when the original bankruptcy schedules showed none, (2) added business and liquor licenses; (3) revised values of machinery, fixtures, equipment and supplies, to include changing the value of a baby grand piano from $15,000 to $1,500; (4) added inventory; (5) changed an insider from the sole secured creditor to unsecured status; (6) changed four unsecured creditors to secured creditors; (6) added a disclosure of expenses paid for the debtor's representative and salary paid to the representative; and (7) disclosed the debtor owed additional rent equal to 5% of the annual gross sales.

At the Third Meeting of Creditors, additional amendments needed to the bankruptcy schedules were discussed, to include, disclosure of one-year of payments made to and on behalf of the debtor's representative, disclosure of additional insider payments noted in a review of the bank statements, and disclosure of transfers to and/or loans from an affiliated entity. Also, as noted above, the documents required to be appended to the petition as a small business debtor were not added.

At the Third Meeting of Creditors, the debtor's representative testified that he had reached a settlement with the landlord of the debtor's business location regarding past due and future rent. The debtor was advised to file a notice of settlement, however, no such notice has been filed.

3

On February 11, 2016, debtor's counsel emailed the UST to state that he had forwarded an email to his client regarding issues the UST had with the monthly operating reports and that "I have not received any further payments since before the filing."

On February 16, 2016, the UST emailed debtor's counsel to remind him of his obligations under Local Rule 9011-1(b) and that a number of items discussed at the Third Meeting of Creditors needed to be addressed. On March 2, 2016, the UST sent a follow-up email requesting to be advised on the status of the case. The UST has received no response from debtor's attorney. [1]

Rule 9011-1(b) provides in part that an attorney, who files documents for a party-in-interest, remains the responsible attorney for all purposes including the representation of the party at all hearings and in all matters that arise in conjunction with the case.

The retainer agreement between the Attorney and the debtor includes the following provision: "In the event the Retained Matter requires a trial or hearing, Client must, within thirty (30) days prior to the scheduled hearing, pay an amount sufficient to ensure that the Client's trust account balance is $7,500." Attorney should affirmatively state that he continued to provide services to his client until the Court grants his motion to be relieved as counsel, and that he has not withheld his services pending payment, particularly if the failure to act would result in a detriment to the debtor.[2]

On March 29, 2016, the UST filed a motion to dismiss the debtor's case. A hearing is scheduled for the same day as the hearing on the Attorney's Motion. The debtor is a limited liability company, and therefore, must have counsel to represent it in the bankruptcy case.

---

[1] On March 27, 2016, the debtor's attorney filed a motion to withdraw as attorney based in part on debtor's failure to make payments for attorney fees incurred.

[2] The UST is not arguing that attorneys should work for no compensation, but rather that attorneys should timely seek an order from the court to be relieved as counsel if payment is not forthcoming. In the interim, the debtor's interests must be protected.

## <u>DISCUSSION</u>

Rule 1.16(b) of the South Carolina Rules of Professional Conduct provides in part that a lawyer may withdraw from representing a client if: (1) the withdrawal can be accomplished without a material adverse effect on the interests of the client; or (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services or payment therefor and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. The Motion seeks withdrawal due to the debtor's failure to make payment for legal services rendered and the unreasonable financial burden on the lawyer to pursue the unreasonable course of action being sought by the client, as well as other good cause. See Motion, ¶ 7.

It is not clear what unreasonable course of action is being sought by the debtor. In regards to the debtor's failure to pay, it appears the Attorney was well aware of the debtor's financial difficulties when he sought to undertake the representation. The initial retainer was paid by a third party using credit cards and the debtor showed no cash on hand and minimal cash in its bank accounts in its bankruptcy schedules. The initial retainer was exhausted prior to the bankruptcy filing. The financial condition of the debtor at the outset should have indicated that the debtor may be unable to reorganize and was likely to have difficulties in paying for future fees incurred. The Attorney would also be aware at the time of the representation that a corporate debtor would be unable to continue in bankruptcy without the assistance of counsel.

With this knowledge, the Attorney undertook the representation and has been paid $3,283 for services. The Original Schedules were facially deficient, but were still filed by the Attorney. The mailing matrix failed to include a key group of parties in interest, the equity holders. As a result of these actions, the meeting of creditors was continued. The Attorney failed to attend the second meeting of creditors, causing yet another continuance. Despite several issues that were

discussed at the third meeting of creditors, the Attorney has taken no action in this case and has

failed to respond to inquiries from the UST.  The Attorney should address whether his conduct in

this case was in compliance with Local Rule 9011-1(b), requiring that the Attorney continue to

represent the debtor until relieved by order of the Court.  Additionally, as the Attorney has not

been relieved as counsel, the Attorney should be required to represent his client at the dismissal

hearing on April 26, 2016.

      WHEREFORE, the UST requests that the Court enter an order denying the Motion unless

the Attorney can adequately address the issues raised herein.

JUDY A. ROBBINS
United States Trustee, Region 4

By: /s/ Linda K. Barr
Linda K. Barr
Trial Attorney, Id. No. 6284
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5219
(803) 765-5260 (facsimile)
Date: 4-11-16          linda.k.barr @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>
<u>Case No: 15-05775-hb</u>

I, the undersigned, do hereby certify that on the 11th day of April, 2016, I served the below-named parties with copies of the following documents:

**UST'S OBJECTION TO MOTION TO WITHDRAW AS COUNSEL**

**CERTIFICATE OF SERVICE**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Robert A. Pohl
Pohl, PA
P.O. Box 27290
Greenville, SC 29616

Boulevard Entertainment Greenville, LLC
ATTN:  Mark Sullivan
1708 Augusta Street
Suite C-356
Greenville, SC 29605

and/or by electronic transmission through the Court's Electronic Case Filing system to the following participants:

Robert A. Pohl, Esquire

By: <u>/s/ Linda K. Barr</u>
   Linda Barr
   Trial Attorney
   Office of United States Trustee
   1835 Assembly St., Suite 953
   Columbia, South Carolina 29201
   (803) 765-5219

Date: <u>4-11-16</u>